IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAINT FLOREL NEAL,<br>    ID # 31352-177,<br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>) No. 3:20-CV-1014-M-BH<br>)<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on June 8, 2020 (doc. 6). Based on the relevant findings and applicable law, the petition should be **DISMISSED** without prejudice for lack of jurisdiction.

### I.   BACKGROUND

Saint Florel Neal (Petitioner), a federal prisoner who was incarcerated at the Federal Correctional Institution (FCI) Beaumont Medium in Beaumont, Texas, was convicted of possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). (*See* No. 3:04-CR-46-M, doc. 125 at 1.)[2]  By judgment entered May 6, 2005, he was sentenced to a total term of 180 months' imprisonment, to be followed by a three-year term of supervised release. (*See id.* at 2-3.) He satisfied his sentence of imprisonment on April 14, 2017. (*See* doc. 12 at 16.)

On December 11, 2019, Petitioner's supervised release was revoked for violation of

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this habeas action, 3:20-CV-1014-M-BH. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

multiple conditions of its terms, and he was sentenced to two years' imprisonment. (*See* No. 3:04-CR-46-M, doc. 227.) He subsequently wrote a letter to the Court that was received on January 31, 2020, in which he sought good time credit on his 2019 violation sentence based on good time credit allegedly owed to him on his 2005 sentence of imprisonment. (*See* doc. 3.) The letter was liberally construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See* doc. 2.) On June 8, 2020, Petitioner filed an amended § 2241 petition on the correct form, and it was ordered served on the Government. (*See* docs. 6, 9.)

The Government responded that subject matter jurisdiction is lacking because Petitioner was incarcerated at FCI Beaumont Medium, which is located in the Eastern District of Texas, at the time he filed his § 2241 petition. (*See* doc. 11 at 2-3.) On December 3, 2020, it filed a notice stating that Petitioner had been released from custody on December 2, 2020. (*See* doc. 13.)

## II.   JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978). Jurisdiction over a § 2241 petition is in the district in which the petitioner is incarcerated. *Lee*,

244 F.3d at 373.

Here, Petitioner was confined within the Eastern District of Texas at the time he filed his § 2241 petition. (*See* doc. 6 at 3; doc. 12 at 3-4); *see also* 28 U.S.C. § 124(c). This Court therefore lacks jurisdiction to entertain his § 2241 petition. *See Lee*, 244 F.3d at 373-74. When venue is improper, a district court has the authority to dismiss the case or transfer it in the interest of justice "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The district court has broad discretion in determining whether to dismiss or transfer a case. *See Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam). Because Petitioner has now been released from custody, the petition should be dismissed without prejudice for lack of jurisdiction instead of being transferred. (*See* doc. 13.)

### III.  RECOMMENDATION

Petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on June 8, 2020 (doc. 6), should be **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED this 14th day of December, 2020.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE